UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD RICHARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1513-NJB-SS** |
| **WILLY J. MARTIN, JR., et al** | |

### ORDER

UNITED STATES' MOTION TO QUASH AND DISMISS (Rec. doc. 6)

**GRANTED**

PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT (Rec. doc. 10)

**DENIED**

PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF *HABEAS CORPUS AD TESTIFICANDUM* (Rec. doc. 11)

**DENIED**

PLAINTIFF'S MOTION TO AMEND/CORRECT (Rec. doc. 14)

**DENIED**

On or about May 25, 2012, Lloyd Richard, an inmate at the Louisiana State Penitentiary in Angola, Louisiana, filed motions in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana. The U.S. reports that Richard's state court action concerned a fight with another inmate, alleged inadequate medical care, an alleged improper infraction, and placement in solitary confinement. Rec. doc. 6 (Memorandum at 2). Richard is not represented by counsel. Richard's motions sought:

1. An order for subpoenas to the following to appear at the St. James Parish Courthouse: (a) then United States Attorney, James Letten; (b) Louisiana Attorney General, James Caldwell; and (c) U.S. Department of Justice Civil Rights Trial Attorney, Bobbi Bernstein.

2. An order requiring Burl Cain, the warden at the penitentiary, to produce Richard at the St. James Parish Courthouse.

Rec. doc. 1 (Attachment at 2-5). In support of these requests, Richard alleged that: (1) statements were made which are false; (2) his rights under the U.S. Constitution were violated; (3) evidence which was favorable to Richard was not released; and (4) a fraud was perpetuated. Id. At Richard's request subpoenas were issued to James Letten and Bobbi Bernstein.

On June 6, 2013, the U.S., acting on behalf of James Letten and Bobbi Bernstein, removed the subpoenas and the related subpoena-enforcement proceedings to federal court acting pursuant to the federal-officer removal statute. See 28 U.S.C. § 1442(a)(1). It demonstrated that the subpoenas to James Letten and Bobbi Bernstein are considered "civil actions" under the statute. The removal of the subpoenas did not remove to federal court the entire case in which the subpoenas were issued and the underlying case remains pending in state court. Rec. doc. 1.

On June 20, 2012, the U.S. filed a motion to quash the subpoenas. It demonstrates that it has not waived its sovereign immunity to subject itself and its officers to state court subpoenas. In these circumstances the only appropriate response is to quash the state court subpoenas on the ground that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign. State of Louisiana v. Sparks, 878 F.2d 226, 234-35 (5th Cir. 1992).

The motion to quash was set for July 18, 2012. Rec. doc. 6. On July 12, 2012, Richard filed a motion for a more definite statement and motion for issuance of writ of *habeas corpus ad testificandum*. Rec. docs. 10 and 11. The U.S. opposes these motions. Rec. doc. 13.

The motion for a more definite statement relates to the notice of removal. There is no deficiency in the notice of removal. Rec. doc. 1. It complies with 28 U.S.C. § 1442. The motion for a more definite statement (Rec. doc. 10) will be denied. In the motion for a writ of *habeas corpus ad testificandum*, Richard requests an order: (1) requiring James Letten to produce documents filed on or about the time the two subpoenas were removed to federal court; and (2) for Richard's appearance at a hearing on the motion to quash. Rec. doc. 11. Additional documentation from the U.S. Attorney will not aid the Court in resolving the motion to quash which presents a legal question. There is no need for a video appearance by Richard as the Court will not conduct oral argument. To the extent this is a request for oral argument, it is denied. Accordingly, the motion for a writ of *habeas corpus ad testificandum* (Rec. doc. 11) will be denied.

On July 12, 2012, Richard filed an opposition to the motion to quash, rec. doc. 12, arguing that: (1) the relief sought by the U.S. would deprive him of his constitutional rights, including the right to due process; (2) the court has jurisdiction; (3) the court should exercise discretion to retain jurisdiction; (4) he has a right to damages under 42 U.S.C. § 1983; and (5) he will be deprived of his rights to challenge the conditions of his incarceration. Richard does not respond to the contention that the U.S. has not waived its sovereign immunity to subject its officers to the state court subpoenas. The motion of the U.S. to quash (Rec. doc. 6) will be granted.

On August 9, 2012, Richard filed a motion to amend the pleadings he filed in federal court. Rec. doc. 14. He did not seek the consent of the U.S. before moving to amend his pleadings.

Although pro se plaintiffs are entitled to some leniency, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 2541 n.46 (1975).  Richard reports that he moved or will move to recuse all of the judges of the 23rd Judicial District Court and that these judges and other public officials entered into a conspiracy to deprive him of his rights.  Rec. doc. 14 at 8.  He contends that he needs the information from the U.S. Attorney and the Civil Rights Prosecutor to support the motion to recuse.  Id. at 6.  Richard's motion to amend does not respond to the argument by the U.S. that it has not waived its sovereign immunity to subject its officers to the state court subpoenas.  The motion to amend (Rec. doc. 14) will be denied.

    IT IS ORDERED that:

1.    The motion of the U.S. to quash subpoenas (Rec. doc. 6) is GRANTED.

2.    The motions of Richard for more definite statement (Rec. doc. 10), issuance of writ of *habeas corpus ad testificandum* (Rec. doc. 11), and to amend (Rec. doc. 14) are DENIED.

New Orleans, Louisiana, this 7th day of February, 2013.

                      **SALLY SHUSHAN**
                      **United States Magistrate Judge**