UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LLOYD RICHARD                                        CIVIL ACTION

VERSUS                                               NO. 12-1513

WILLY J. MARTIN, JR., et al.                         SECTION: "G"(1)

## ORDER AND REASONS

Before the Court is Plaintiff Lloyd J. Richard's ("Mr. Richard") "Motion for Permission to Appeal and Motion Objections to Ruling,"[1] wherein Mr. Richard seeks review of United States Magistrate Judge Sally Shushan's order[2] granting the United States's Motion to Quash Subpoenas and Dismiss for Lack of Subject Matter Jurisdiction[3] and denying Mr. Richard's Motion for More Definite Statement,[4] Motion for Issuance of Writ of *Habeas Corpus Ad Testificandum*,[5] and Motion to Amend/Correct.[6]  Having considered the "Motion for Permission to Appeal and Motion Objections to Ruling" (hereinafter, the "motion for review"), the opposition, the reply, Magistrate Judge Shushan's order, the record, and the applicable law, for the following reasons, the Court will deny the motion for review and will affirm Magistrate Judge Shushan's ruling.

---

[1] Rec. Doc. 16.

[2] Order, Rec. Doc. 15.

[3] Rec. Doc. 6.

[4] Rec. Doc. 10.

[5] Rec. Doc. 11.

[6] Rec. Doc. 14.

1

## I. Background

Mr. Richard, an inmate at the Louisiana State Penitentiary in Angola, Louisiana, filed suit in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana. According to the United States, Mr. Richard's state court action concerned a fight with another inmate, alleged inadequate medical care, an alleged improper infraction, and placement in solitary confinement.[7] On or about May 25, 2012, Mr. Richard filed motions in his state court action seeking an order requiring Burl Cain, the warden at the penitentiary, to produce Mr. Richard at the St. James Parish Courthouse, and an order for subpoenas to the following to appear at the St. James Parish Courthouse: (a) then United States Attorney, James Letten; (b) Louisiana Attorney General, James Caldwell; and (c) U.S. Department of Justice Civil Rights Trial Attorney, Bobbi Bernstein.[8]

On June 6, 2012, the United States, acting on behalf of James Letten and Bobbi Bernstein, removed the subpoenas and the related subpoena-enforcement proceedings to federal court acting pursuant to the federal-officer removal statute.[9] Because the subpoenas to James Letten and Bobbi Bernstein were considered "civil actions" under the statute, pursuant to 28 U.S.C. § 1442(c), the removal of the state-court subpoenas did not remove to federal court the entire case in which the subpoenas were issued, and the underlying case remains pending in 23rd Judicial District Court for the Parish of St. James, State of Louisiana.[10] Mr. Richard is not represented by counsel in state court or in these federal proceedings.

---

[7] Rec. Doc. 6-2 at p. 2.

[8] Rec. Doc. 1 at pp. 2-5.

[9] *See* 28 U.S.C. § 1442(a)(1).

[10] Rec. Doc. 1 at p. 2.

On June 20, 2012, the United States filed a motion to quash the subpoenas, claiming that it had not waived its sovereign immunity to subject itself and its officers to enforcement of the state court subpoenas.[11] Therefore, the United States argued that in these circumstances the only appropriate response was to quash the state-court subpoenas on the ground that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign.[12] On July 12, 2012, Mr. Richard filed a Motion for More Definite Statement[13] and a Motion for Writ of *Habeas Corpus Ad Testificandum*.[14] On August 9, 2012, Mr. Richard filed a Motion to Amend/Correct.[15] On February 7, 2013, Magistrate Judge Shushan granted the United States' Motion to Quash Subpoenas and Dismiss for Lack of Subject Matter Jurisdiction.[16] The magistrate judge simultaneously denied Mr. Richard's three pending motions, upon finding that there was no deficiency in the notice of removal requiring additional documentation or amendment, and that, because the United States had not waived its sovereign immunity, the court lacked jurisdiction to enforce a subpoena against an unwilling sovereign.[17]

On February 19, 2013, Mr. Richard filed the instant motion for review.[18] The United States

---

[11] Rec. Doc. 6.

[12] Rec. Doc. 6-2 at pp. 2-4 (citing *State of Louisiana v. Sparks*, 978 F.2d 226, 234-35 (5th Cir. 1992)).

[13] Rec. Doc. 10.

[14] Rec. Doc. 11.

[15] Rec. Doc. 14.

[16] Rec. Doc. 15.

[17] *Id.*

[18] Rec. Doc. 16.

filed an opposition to the instant motion on February 26, 2013,[19] and Mr. Richard filed a reply with leave of Court.[20]

## II. Parties' Arguments

Mr. Richard objects to Magistrate Judge Shushan's order, and claims that he is attempting to assert constitutional challenges under Federal Rule of Civil Procedure 5.1 to various federal statutes, including: 28 U.S.C. § 2403, 28 U.S.C. § 1361, 28 U.S.C. § 533, 28 U.S.C. § 1343, and 28 U.S.C. § 1443.[21] Additionally, Mr. Richard claims that he is the victim of violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.[22] Mr. Richard makes no argument regarding the basis of this Court's jurisdiction to enforce state-court subpoenas against officers of the United States.

The United States argues that Magistrate Judge Shushan's decision is neither clearly erroneous nor contrary to law, and therefore, the Court should deny Mr. Richard's motion for review. First, the United States contends that the present federal proceedings "are limited to the removal of Richard's state-court subpoenas to former U.S. Attorney Letten and DOJ Trial Attorney Bernstein."[23] According to the United States, Magistrate Judge Shushan's order does not address

---

[19] Rec. Doc. 17.

[20] Rec. Doc. 18.

[21] Rec. Doc. 16 at p. 1 (citing statutes related to intervention by the United States, the original jurisdiction of district courts in actions involving civil rights, actions in the nature of mandamus to compel an officer of the United States to perform his duty, the power of the Attorney General to appoint officials, and removal jurisdiction of civil actions).

[22] Rec. Doc. 16 at p. 1.

[23] Rec. Doc. 17 at p. 3.

4

Mr. Richard's alleged constitutional challenge based on various sections cited in Title 28 of the United States Code, because Mr. Richard "has not filed any federal-court proceedings nor served a named federal defendant for any facial, constitutional attacks on federal law."[24] Further, the United States argues that Mr. Richard's allegations regarding "various constitutional, civil-rights violations" are an attempt to argue "the merits of Richard's underlying state-court suit" in this proceeding in federal court.[25] However, the United States contends that Mr. Richard's arguments that relate to his underlying state-court action are not addressed by Magistrate Judge Shushan's order and should not be considered in these proceedings in federal court, which only addresses the United States' removal and jurisdictional challenge on the basis of sovereign immunity to enforcement of the state-court subpoenas.[26]

In reply, Mr. Richard reiterates the constitutional violations alleged in his motion for review, and those arguments need not be reiterated here. Mr. Richard also asserts violations of his rights under the Louisiana Constitution.[27] Finally, Mr. Richard states:

> for the following reason[s] this decision is clearly bias[ed] and prejudice[d] [and] clearly erroneous, and in violation of constitution[al] rights and civil right[s] that violate state law as well as federal law: by abuse of discretion concealing the facts by lending the prestige of judicial office to conceal the true facts: by [] fraud upon the court through[] court: theft of the indigent legal mail.[28]

Mr. Richard does not address this Court's jurisdiction to enforce the state-court subpoenas against an unwilling sovereign.

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *See* Rec. Doc.18.

[28] *Id.* at p. 2.

### III. Law and Analysis

*A. Standard of Review*

In the resolution of non-dispositive disputes, a magistrate judge is afforded broad discretion.[29] If a party objects to the magistrate judge's ruling on a non-dispositive issue, the district court is to consider the party's objections and "shall modify or set aside any part of the order that is clearly erroneous or is contrary to law."[30] The district court should not undertake a de novo review of the magistrate judge's decision,[31] and should affirm the decision of the magistrate judge unless the court "is left with a definite and firm conviction that a mistake has been committed."[32]

*B. Analysis*

Magistrate Judge Shushan, relying on *State of Louisiana v. Sparks*,[33] granted the United States' motion to quash the subpoenas. In *Sparks*, the United States Court of Appeals for the Fifth Circuit remanded the subpoena proceedings to the district court with explicit instructions to quash the state court subpoenas and dismiss the case on sovereign immunity grounds.[34] The Fifth Circuit stated:

> Waiver of sovereign immunity is a jurisdictional prerequisite in the nature of ...

---

[29] *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

[30] Fed. R. Civ. P. 72(a).

[31] *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981).

[32] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[33] 978 F.2d 226 (5th Cir. 1992).

[34] *Id.* at 236.

subject matter jurisdiction, in that unless sovereign immunity is waived, there may be no consideration of the subject matter. Accordingly, myriad cases involving a § 1442(a) removal of a state subpoena proceeding against an unwilling federal officer have held that the sovereign immunity doctrine bars enforcement of the subpoena. These courts have quashed state court subpoenas or dismissed contempt proceedings that were removed on the ground that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign.[35]

Here, Mr. Richard has sought to enforce subpoenas issued by a Louisiana state court to the then United States Attorney Jim Letten and the United States Department of Justice Civil Rights Trial Attorney Bobbi Bernstein. Considering the Fifth Circuit's articulation in *Sparks* that, "unless expressly waived, sovereign immunity exists as the rule, not the exception," and here "[t]here is no indication that the United States Government has waived its sovereign immunity with respect to the state court subpoenas," this Court cannot conclude that the magistrate judge's ruling quashing the state-court subpoenas was clearly erroneous. Indeed, quashing the state court subpoenas and dismissing the case on sovereign immunity is required by the Fifth Circuit's holding in *Sparks*.

Magistrate Judge Shushan also denied the motion for a more definite statement and the motion for issuance of writ of *habeas corpus ad testificandum* upon concluding that additional documentation from the United States Attorney and oral argument on the motion to quash would not aid the Court in resolving a question of law. This Court is not convinced that the magistrate judge committed any error in determining that a more definite statement and additional documentation was unnecessary in resolving a legal question regarding the sovereign immunity of the United States asserted on behalf of its federal officers.

Mr. Richard also filed a motion to amend, which stated that Mr. Richard will move to recuse all of the judges of the 23rd Judicial District Court and that these judges and other public officials

---

[35] *Id.* at 235 (internal citations and quotations marks omitted).

entered into a conspiracy to deprive him of his rights, and therefore, Mr. Richard contends that he needs information from the subpoenaed individuals to support the motion to recuse. The magistrate judge concluded that "Richard's motion to amend does not respond to the argument by the U.S. that it has not waived its sovereign immunity to subject its officers to the state court subpoenas."[36] This Court previously determined, as discussed above, that the magistrate judge did not commit any error in determining that a federal court lacks jurisdiction to enforce state-court subpoenas against an unwilling sovereign. By extension, this Court finds no error in the magistrate judge's decision to deny the motion to amend on the basis that the United States did not waive its sovereign immunity and Mr. Richard failed to respond to this jurisdictional issue raised by the United States.

Further, Mr. Richard's objections to the magistrate's ruling do not address the jurisdictional issue presented here by the United States' motion to quash the state-court subpoenas based on its sovereign immunity. The various constitutional violations asserted in support of Mr. Richard's motion for review are not properly before the Court. Mr. Richard has not filed any federal-court proceedings nor served any named federal defendant for purposes of asserting any constitutional violations or other violations of federal law. Instead, the United States filed a notice of removal which solely removed the state-court subpoenas issued to the then United States Attorney, James Letten and U.S. Department of Justice Civil Rights Trial Attorney, Bobbi Bernstein and the corresponding subpoena-enforcement proceedings. Therefore, this Court may only consider the enforcement of the state-court subpoenas in this case.

Finally, Mr. Richard appears to suggest that Magistrate Judge Shushan's ruling is biased. However, Mr. Richard has alleged no facts to support his allegations. This Court finds that the magistrate judge applied controlling Fifth Circuit precedent to resolve the legal issue presented to

---

[36] Rec. Doc. 15.

the Court regarding the United States' waiver of sovereign immunity. Accordingly, Mr. Richard's arguments regarding bias and prejudice have no merit. Considering that the magistrate judge did not err in concluding that the United States has not waived the sovereign immunity of its federal officers and the arguments raised in the motion to review do not address the fact that this Court lacks jurisdiction to enforce the state-court subpoenas, the Court will deny the motion for review.

### IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Mr. Richard's "Motion for Permission to Appeal and Motion Objections to Ruling"[37] is **DENIED** and that Magistrate Judge Shushan's Order[38] is **AFFIRMED**.

**NEW ORLEANS, LOUISIANA**, this _9th_ day of July, 2013.

                                                 *Nannette Jolivette Brown*
                                                 **NANNETTE JOLIVETTE BROWN**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[37] Rec. Doc. 16.

[38] Rec. Doc. 15.