UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD RICHARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1513** |
| **WILLY J. MARTIN, JR., et al.** | **SECTION: "G"(1)** |

**ORDER AND REASONS**

Before the Court are Plaintiff Lloyd Richard's "Motions for Leave for Writ of Habeas Corpus for Relief from Judgment Accordingly to Federal Rule of Civil Procedure: Rule 60 'B' (3) Fraud;"[1] Motion for Appointment of Counsel;[2] "Motion for Leave for Writ of Habeas Corpus for Expedited Hearing to Show Cause for Preliminary Injunctions and Permanent Injunction: Motion for Temporary Restraining Order;"[3] Motion for Issuance of a Summons;[4] and Motion to Proceed *in forma pauperis*.[5] The Court has considered the filing, the record, and the applicable law. For the reasons set forth below, the Court will deny the motions.

## I. Background

This matter arises from a state-court action that Richard, an inmate at the Louisiana State Penitentiary, is pursuing in the 23rd Judicial District Court for the Parish of St. James, State of

---

[1] Rec. Doc. 32.

[2] Rec. Doc. 33.

[3] Rec. Doc. 34.

[4] Rec. Doc. 35.

[5] Rec. Doc. 36.

1

Louisiana.[6] In that case, Richard issued subpoenas to the United States Attorney for the Eastern District of Louisiana and an attorney for the United States Department of Justice's Civil Rights Division.[7] On June 13, 2012, the government removed only the subpoena requests to this Court pursuant to 28 U.S.C. § 1442(a)(1),(c) which provides that a request for a subpoena against a United States officer in a state-court action may be removed to federal court.

The government on June 20, 2012, moved to quash the subpoena, arguing that this Court lacked subject-matter jurisdiction because the government had not waived its sovereign immunity.[8] Meanwhile, Richard filed a motion for a more definite statement on July 12, 2012,[9] and a motion for issuance of a writ of *habeas corpus ad testificandum* on the same day.[10] Finally, on August 9, 2012, Richard filed a motion to amend a pleading and/or add a supplemental pleading, wherein, among other things, he appeared to seek leave to file claims in this Court similar to the claims in his state-court action and accused state judges of bias and the judges and other officials of conspiracy to deprive Richard of his rights.[11]

On February 7, 2013, the Magistrate Judge granted the government's motion to quash Richard's subpoenas and denied all of Richard's motions.[12] On February 19, 2013, Richard filed a

---

[6] Rec. Doc. 1.

[7] *Id.*

[8] Rec. Doc. 6.

[9] Rec. Doc. 10.

[10] Rec. Doc. 11.

[11] Rec. Doc. 14.

[12] Rec. Doc. 15.

motion for this Court to review the Magistrate Judge's ruling.[13] This Court denied that motion on July 9, 2013, and affirmed the Magistrate Judge's Order.[14]

On September 9, 2013, Richard filed a notice of appeal of this Court's July 9, 2013 Order.[15] On December 4, 2013, the Fifth Circuit dismissed Richard's appeal for failure to pay the docketing fee.[16]

## II. Law and Analysis

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

"A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[17]

On July 9, 2013, this Court affirmed the Magistrate Judge's Order, finding that the Magistrate Judge did not err in concluding that the United States has not waived the sovereign immunity of its federal officers and this Court lacks jurisdiction to enforce the state-court subpoenas.[18] Richard alleges that he is entitled to relief under Rule 60(b)(3). However, Richard did not file the Rule 60(b) motion until September 22, 2014, more than one year after entry of the order

---

[13] Rec. Doc. 16.

[14] Rec. Doc. 19.

[15] Rec. Doc. 20.

[16] Rec. Doc. 29.

[17] FED. R. CIV. P. 60(c)(1).

[18] Rec. Doc. 19 at 9.

3

affirming the Magistrate Judge's decision. The other motions appear to rest on the presumption that Plaintiff's Rule 60 motion is granted. Considering that it is not, those motions are moot.

### III. Conclusion

Considering the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff Lloyd Richard's "Motions for Leave for Writ of Habeas Corpus for Relief from Judgment Accordingly to Federal Rule of Civil Procedure: Rule 60 'B' (3) Fraud"[19] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel;[20] "Motion for Leave for Writ of Habeas Corpus for Expedited Hearing to Show Cause for Preliminary Injunctions and Permanent Injunction: Motion for Temporary Restraining Order;"[21] Motion for Issuance of a Summons;[22] and Motion to Proceed *in forma pauperis*.[23] are **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this __1st__ day of October, 2014.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[19] Rec. Doc. 32.

[20] Rec. Doc. 33.

[21] Rec. Doc. 34.

[22] Rec. Doc. 35.

[23] Rec. Doc. 36.

4